■ JENNY ESPINAL, an Infant, by Her Mother and Natural Guardian, SILVERIA CASTILLO, Appellant, v 570 W. 156TH ASSOCIATES et al., Respondents, et al., Defendants. (And Other Actions.) [716 NYS2d 280] —Order, Supreme Court, New York County (Louis York, J.), entered January 14, 2000, which, in an action to recover for lead paint poisoning, insofar as appealed from, granted defendants' motions to preclude certain of plaintiff's experts from testifying at trial to the extent of directing plaintiff to produce "more satisfactory responses" to the demand for expert disclosure, unanimously affirmed, without costs.

The motions to preclude were properly entertained by the motion court as a matter of discretion after the parties' attorneys made a good faith but unsuccessful attempt to resolve the dispute on the return date of the motion. The motion court also properly exercised its discretion in directing plaintiff to provide more details concerning the expected testimony of her economist and life care specialist (*see, Busse v Clark Equip. Co.,* 182 AD2d 525), with respect to which plaintiff had not indicated the nature of the future care that will be needed and the projected cost thereof. Plaintiff's references to the large,

unanalyzed numbers in her bill of particulars hardly satisfied the requirement of CPLR 3101 (d) (1) (i) that "the substance of the facts and opinions on which each expert is expected to testify" be disclosed. Concur—Sullivan, P. J., Rosenberger, Lerner, Andrias and Friedman, JJ.